IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LOUIS DAYWALT           )
                        )   No. 15-396
    v.                  )

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for disability insurance benefits, alleging disability due to coronary artery disease. Plaintiff's claim was denied initially, and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

#### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff first asserts that he was denied his right to cross-examine non-examining state agency physician Mark Bohn, and that the ALJ rejected Plaintiff's testimony without adequate explanation.

A right to cross-examine witnesses applies to social security hearings before an ALJ. Richardson v. Perales, 402 U.S. 389, 401, 28 L. Ed. 2d 842, 91 S. Ct. 1420 (1971). That right, however, is not absolute with respect to a physician who submitted a pre-hearing report. See, e.g., Luukkonen v. Comm'r of Soc. Sec., 2015 U.S. Dist. LEXIS 29584, at **5-6 (W.D. Mich. Mar. 11, 2015); Wilson v. Astrue, 2011 U.S. Dist. LEXIS 70292 (D. Me. June 30, 2011) (collecting cases). An ALJ has discretion in this area, and "may" issue a subpoena "[w]hen it is reasonably necessary for the full presentation of a case." 20 CFR § 404.950.

2

Moreover, a subpoena may issue when an appropriate request is made:

> Parties to a hearing who wish to subpoena documents or witnesses must file a written request for the issuance of a subpoena with the administrative law judge or at one of our offices at least 5 days before the hearing date. The written request must give the names of the witnesses or documents to be produced; describe the address or location of the witnesses or documents with sufficient detail to find them; state the important facts that the witness or document is expected to prove; and indicate why these facts could not be proven without issuing a subpoena.

20 C.F.R. § 404.950(d)(2).

Here, Plaintiff requested the ALJ to issue a subpoena to compel Dr. Bohn's attendance at the hearing, and objected to the evidence absent the opportunity to cross-examine. The request, however, did not specify the facts required by Section 404.950. Presently, moreover, Plaintiff does not explain why cross-examination was necessary, or how the lack thereof caused him prejudice, other than by referring again to the loss of a right. The mere fact that the ALJ relied on Dr. Bohn's opinion is insufficient to establish that the failure to issue the subpoena, or provide for cross-examination, was error.

Nor did Plaintiff, at the hearing, state the facts that might support the need for cross-examination:

> ATTY: I object to exhibit 1A, which includes medical opinion evidence from Dr. Bohn, absent an opportunity to cross-examine Dr. Bone [sic].
>
> ALJ: Okay. I've noted your request for a subpoena, and that'll be denied. We don't usually do that. What did you hope to recover from Dr. Bone that would not otherwise be available to your client?
>
> ATTY: Well, he has—there's the right to cross-examine – examination to basically test his credibility, to see how he came to certain conclusions.
>
> ALJ: Well, your objection's noted for the record. All right. And so you're free to argue as the case goes—you're free to argue the weight to give to that testimony, and that's normally how we do that…..

3

Under the circumstances, the ALJ did not abuse his discretion, or otherwise err, in denying the request to issue the subpoena, and in disallowing cross-examination. Plaintiff's contentions based on the Social Security Hearings, Appeals and Litigation Law Manual ("HALLEX") are not persuasive. "HALLEX 'lack[s] force of law and create[s] no judicially-enforceable rights.'" Del Valle v. Astrue, 2011 U.S. Dist. LEXIS 111325, at *18 (E.D. Pa. Sept. 23, 2011) (quoting Bordes v. Comm'r of Soc. Sec., 235 F. App'x 853, 859 (3d Cir. 2007).

As regards Plaintiff's testimony, Plaintiff asserts that the ALJ incorrectly determined that his testimony regarding his symptoms and limitations was not credible. He argues, essentially, that the ALJ improperly assessed his credibility based solely on lack of objective support.

An ALJ is responsible for determining a claimant's credibility, and such determinations are given great deference. See Dunson v. Comm'r Soc. Sec., 2015 U.S. App. LEXIS 9743, at *9 (3d Cir. June 11, 2015). The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." Soc. Sec. Reg. 96-7p. As Plaintiff contends, a lack of supporting evidence, alone, is not sufficient grounds for rejecting a claimant's testimony.[1]

Here, the ALJ did not conclude that the record did not support that Plaintiff suffered heart problems, and did not rely on lack of objective support alone when assessing Plaintiff's credibility. Instead, it is clear that the ALJ concluded that the evidence regarding Plaintiff's heart problems did not support Plaintiff's testimony regarding his symptoms – i.e., his specified functional limitations, daily chest pain, and shortness of breath. He relied not only on arguably

---

[1] Likewise, "a statement by a plaintiff's treating physician supporting an assertion that [he] is 'disabled' or 'unable to work' is not dispositive . . . ." Adorno v. Shalala, 40 F.3d 43, 47-48 (3d Cir. 1994).

4

questionable conclusions drawn from Plaintiff's diagnostic studies, but also discussed other evidence, including physical examinations and Plaintiff's activities of daily living.  Under the circumstances, the ALJ was sufficiently specific regarding his credibility findings.  Given the deference due the ALJ's credibility determinations, I find no error.

## CONCLUSION

In sum, the ALJ's opinion is supported by substantial evidence.  Plaintiff's Motion will be denied, and Defendant's granted.  An appropriate Order follows.

## ORDER

AND NOW, this 8th day of October, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court